IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TREVOR L. SCHAMS,

                    Plaintiff,

        v.                                                    ORDER

FRANK J. BISIGNANO,[1]                                        23-cv-579-jdp
Commissioner of the Social Security Administration,

                    Defendant.

---

This is an action for judicial review of the Social Security Administration's denial of Trevor Scham's application for disability benefits. After the parties stipulated to a remand, Schams received a favorable decision from the commissioner.

Meredith Marcus and Stephen Sloan, counsel for Schams, move for a fee award under 42 U.S.C. § 406(b). Dkt. 17. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). In this case, Schams was awarded $82,781.00 in past benefits, so 25 percent of that award is $20,695.25. Counsel requests approval for the full 25 percent in accordance with their contingency fee agreement. Counsel previously received $5,700 in fees under Equal Access to Justice Act (EAJA). Counsel requests that the EAJA fees be subtracted from the gross fee award, which would result in a net award of $14,995.25.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court finds no reason to award counsel less than the full contingent fee amount that they and Schams agreed to. Neither Schams nor the commissioner has objected to the motion, it's undisputed that Marcus and Sloan are experienced attorneys who achieved good results for their client, and there's no evidence that the effective hourly rate ($753.93) dramatically exceeds that charged by other attorneys in the field. The court will approve a representative fee in the gross amount of $20,695.25. In accordance with the court's past practice and counsel's request, the court will allow counsel to retain the EAJA award and the court will subtract those fees from the amount awarded in this order.

ORDER

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 17, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $20,695.25.

3. Counsel may retain the $5,700.00 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4. The net amount of $14,995.25 shall be disbursed by the commissioner from any of Scham's past-due benefits being withheld and in accordance with agency policy.

Entered May 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge